**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **JAMES GLENN and JOHNNY SPRADLIN,** | § | |
| *Plaintiffs*, | § | |
| | § | |
| | § | |
| **v.** | § | |
| | § | |
| **LLANO COUNTY SHERIFF'S OFFICE,** | § | **CIVIL ACTION NO. 1:21-CV-00006-RP** |
| **OFFICER JACKSON IDOL, OFFICER** | § | |
| **STEVE SIFFORD, OFFICER SAWYER** | § | |
| **WILSON, LLANO COUNTY SHERIFF** | § | |
| **BILL BLACKBURN, and LLANO** | § | |
| **COUNTY, TEXAS,** | § | |
| *Defendants*. | § | |

**DEPUTY SAWYER WILSON'S
RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS**

TO THE HONORABLE UNITED STATES JUDGE ROBERT PITMAN:

Deputy Sawyer Wilson ("Defendant Wilson" or "Deputy Wilson")[1] files this, his Motion to Dismiss Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure and, in support therefore, would show the Court the following:

**I.**

**BACKGROUND**

1.     Plaintiffs James Glenn ("Plaintiff Glenn") and Johnny Spradlin ("Plaintiff Spradlin") filed their Original Complaint in the United States District Court for the Western District of Texas, Austin Division, on January 4, 2021. *See* Doc. 1. Plaintiffs' Original Complaint asserts various causes of action, including violations of 42 U.S.C. §1983 and liability under *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). *See* Doc. 1. These

---

[1] At all times relevant to this suit, Deputy Wilson was employed by the Llano County Sheriff's Office as a deputy. At some point after the incident involving Johnny Spradlin, which is the subject of this suit, Deputy Wilson left his employment with the Llano County Sheriff's Office and is currently employed as a deputy by the Bastrop County Sheriff's Office.

alleged civil rights violations stem from two incidents; one involving Plaintiff Glenn which occurred on January 5, 2019, and one involving Plaintiff Spradlin which occurred on January 13, 2019. *See* Doc. 1, ¶¶12-91.

2.      Thus, Plaintiff Spradlin filed suit nine days before the two-year statute of limitations would expire on his Section 1983 claims.

3.      In Plaintiffs' Original Complaint, Plaintiff Spradlin made allegations of excessive force against Officer John Doe, an officer employed by the Llano County Sheriff's Office ("LCSO"). *See* Doc. 1, ¶¶6, 65-91.

4.      Llano County, Texas ("Llano") was the first Defendant served and, in its Original Answer filed on February 5, 2021, Llano identified Defendant John Doe as Deputy Wilson five (5) separate times in its pleading. *See* Doc. 4, ¶¶67, 70, 71, 73, 75.[2]

5.      The Court held an Initial Pretrial Conference on April 22, 2021, and it was at this hearing that defense counsel raised to the Court Plaintiffs' failure to serve certain Defendants.

6.      On April 19, 2021, Llano County served Plaintiffs with Initial Disclosures which identified Deputy Wilson's contact information through defense counsel.

7.      On May 17, 2021, more than four months after the statute of limitations expired on Plaintiff Spradlin's Section 1983 claims, Plaintiffs filed their First Amended Complaint. *See* Doc. 13. The only substantive change between Plaintiffs' Original Complaint and Plaintiffs' First Amended Complaint was that Deputy Sawyer Wilson was identified as the formerly identified Officer John Doe against whom Plaintiff Spradlin was bringing suit. *See* Doc. 4, 10.

---

[2] Additionally, on April 27, 2021, an Original Answer was filed on behalf of all other Defendants who had been served (*i.e.*, LCSO, Llano County Sheriff Bill Blackburn ("Sheriff Blackburn"), and LCSO Deputy Jackson Idol ("Deputy Idol"). *See* Doc. 10. Once again, Defendants identified Defendant John Doe as Deputy Wilson. *See* Doc. 10, ¶¶67, 70, 71, 73, 75.

8.      On May 25, 2021, for the first time, Plaintiffs' counsel asked defense counsel if he could accept service on behalf of Deputy Wilson. *See* Email dated May 25, 2021, attached hereto as Exhibit A. On June 1, 2021, defense counsel advised that he had not been able to contact Deputy Wilson. *See* Email dated June 1, 2021, attached hereto as Exhibit B.  On June 28, 2021, defense counsel advised that he had not been authorized to accept service for Deputy Wilson because he could not contact Wilson. *See* Email dated June 28, 2021, attached hereto as Exhibit C.[3]

9.      On August 31, 2021, Plaintiff Spradlin requested an address for Deputy Wilson so that he could be served. *See* Email dated August 31, 2021, attached hereto as Exhibit D. On September 1, 2021, defense counsel responded and advised that Deputy Wilson was currently employed with the Bastrop County Sheriff's Office.  *See* Email dated September 1, 2021, attached hereto as Exhibit E. It wasn't until approximately six (6) weeks later that Plaintiff Spradlin would request that summons be issued to Deputy Wilson. *See* Doc. 17.

10.      On October 12, 2021, Plaintiff Spradlin requested that summons be issued to Deputy Wilson. *See* Doc. 17.  Deputy Wilson was then served on October 18, 2021.

11.      Because Plaintiff Spradlin did not bring suit against Deputy Wilson within the two-year statute of limitations and because Plaintiff Spradlin did not serve Deputy Wilson within ninety (90) days of naming him as a party, Plaintiff Spradlin's claims against Deputy Wilson must be dismissed.

---

[3] On June 1, 2021, an answer was filed to Plaintiffs' First Amended Complaint by LCSO, Sheriff Blackburn, Llano, and Deputy Idol. *See* Doc. 14.  Throughout that answer, Defendants confirmed the identification of Deputy Sawyer Wilson as the previously unnamed Officer John Doe and also notified Plaintiffs that Deputy Sawyer was no longer employed by LCSO. *See* Doc. 14.

## II.
### STANDARD OF REVIEW

A motion made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for a judgment on the pleadings is governed by the same standards as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. *Morris v. PLIVA, Inc.*, 713 F.3d 774, 776 (5th Cir. 2013).  When reviewing a 12(b)(6) motion to dismiss, the district court generally may only look to the pleadings, "accept[ing] as true those well-pleaded factual allegations in the complaint." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005). But the court may also "consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996).

## III.
### MOTION TO DISMISS BASED ON STATUTE OF LIMITATIONS

The statute of limitations has run for Plaintiff Spradlin's claims against Deputy Wilson. As noted above, Plaintiff Spradlin, in his First Amended Complaint, is bringing suit under 42 U.S.C. § 1983. *See* Doc. 13.

There is no federal statute of limitations for § 1983 actions. Therefore, federal courts apply the forum state's general or residual statute of limitations for personal injury actions. *Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 582, 109 L.Ed2d 594 (1989). In Texas, the applicable statute of limitations is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a).

Plaintiff Spradlin did not name Deputy Wilson as a defendant in this suit until after the two-year statute of limitation had run.   Thus, the issue before the Court is whether the claims against Deputy Wilson related back to the original complaint.

Rule 15(c) of the Federal Rules of Civil Procedure provides that, if an amendment to a complaint names a different defendant, it will only relate back if the claim asserted arose out of

the same conduct set forth in the original pleading and the new defendant, within the time provided by Federal Rule of Civil Procedure 4(m), received notice of the filing of the original action so that he would not be prejudiced in presenting a defense, and the new defendant "knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against the new party." *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (quoting FED. R. CIV. P. 15(c)(3)).

Rule 15 lays out a three-part test that must be met before an amendment will relate back: (1) the plaintiff must have made a mistake regarding the identity of a party; (2) the plaintiff must show a defendant had actual or constructive notice of the plaintiff's claims; and (3) the plaintiff must show that defendant had actual or constructive notice within 120 days. *Amin-Akbari v. City of Austin*, 52 F.Supp. 3d 830 (W.D. Tex. 2014).

The Court should grant this motion for judgment on the pleadings because Plaintiff Spradlin cannot demonstrate a mistake regarding the identity of the Deputy Wilson.

In *Jacobsen v. Osborne*, 133 F.3d 315 (5th Cir. 1998), the Fifth Circuit made clear that a party's choice to use John Doe and later to substitute a named defendant does not constitute a mistake in identifying the defendant. *Id*. at 320–21. The Fifth Circuit held that "for a 'John Doe' defendant, there [is] no 'mistake' in identifying the correct defendant; rather, the problem [is] not being able to identify that defendant." *Id*. at 321. Therefore, a party's amendment changing a defendant from a 'John Doe' to a named individual does not qualify as a mistake allowing the amendment to relate back to the original complaint. *Id*. at 321–22.

"Rule 15(c) does not apply when John Doe defendants are named after the statute of limitations has run." *Myers v. Nash*, 464 F. App'x 348, 349 (5th Cir. 2012) (citing *Whitt v.*

*Stephens Cnty.*, 529 F.3d 278, 282–83 (5th Cir. 2008)).[4]   Rule 15(c) "is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification." *Jacobsen*, 133 F.3d at 320.

"[T]he Fifth Circuit requires that, before an amended complaint can relate back, Plaintiff must show that there was a mistake in the identification of [the proper] Defendant[]. Because the later discovery of the actual name of a John Doe defendant does not constitute a mistake, Plaintiff's claims against the now-named defendants do not relate back to the filing of his initial complaint." *Amin-Akbari*, 52 F.Supp. at 841.

Moreover, Plaintiff Spradlin cannot avoid the bar of the statute of limitations by arguing that there are grounds for equitably tolling the statute of limitations, as in *Green*.

"Because the Texas statute of limitations is borrowed in § 1983 cases, Texas' equitable tolling principles also control." *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1988). "The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." *Spencer v. Doe*, No. 3:10-CV-1801-N-BH, 2011 U.S. Dist. LEXIS 86817, 2011 WL 3444336, at *3 (N.D. Tex. June 2, 2011). "[F]ederal law requires that litigants diligently pursue their actions before equitable tolling becomes available." *Id.*

"Texas courts sparingly apply equitable tolling and look, inter alia, to whether a plaintiff diligently pursued his rights; litigants may not use the doctrine to avoid the consequences of their own negligence." *Myers*, 464 F. App'x at 349 (internal quotation marks omitted).

---

[4]  Indeed, a district court may properly deny leave to amend a complaint to name parties previously identified as 'John Doe" because "an amendment to substitute a named party for a John Doe does not relate back under rule 15(c)." *Whitt*, 529 F.3d at 283; *see also Rutledge v. United States*, 161 F.3d 7 (5th Cir. 1998) ("[R]elation back is inapplicable because under our precedents Rule 15(c) does not permit substitution of named defendants for 'John Doe' defendants.").

In *Spencer*, the District Court held that, because the plaintiff waited to file suit until only two weeks before the expiration of the limitations period, he had failed to diligently pursue his claims. *Spencer*, 2011 U.S. Dist. LEXIS 86817, 2011 WL 3444336, at *3. In finding that the plaintiff was not entitled to equitable tolling of the statute of limitations, the court noted that "[w]hile the Fifth Circuit has held that a plaintiff should be given a reasonable time to conduct discovery, [the plaintiff] did not allow any time for discovery [of the 'John Doe' defendants'] identities before the statute of limitations elapsed . . . ." *Id*.

Similarly, in *Nazerzadeh v. Harris Cnty*., the district court found there was no equitable tolling the statute of limitations where the plaintiff "filed suit so late [that] he could not conduct discovery into the . . . officers' identities before the limitations had run." No. H-08-0499, 2010 U.S. Dist. LEXIS 101365, 2010 WL 3817149 (S.D. Tex. Sept. 27, 2010).

In this case, Plaintiff Spradlin waited until just nine days before the statute of limitations had run to file suit. Accordingly, his inability to learn the name of Defendant Wilson and join him as a defendant prior to the running of the statute is his own fault and there is no basis for this Court to find an "equitable tolling" of the statute. *See also Amin-Akbari*, 52 F.Supp. at 842.

Because Plaintiff Spradlin's own actions precluded his ability to identify the proper name of the John Doe defendant by not allowing himself time to conduct discovery, Plaintiff cannot demonstrate that the Court should equitably toll the limitations period.

## IV.
### FAILURE TO SERVE DEPUTY WILSON IN A TIMELY MANNER

As noted above, Deputy Wilson was first named as a party in this suit on May 17, 2021. However, Deputy Wilson was not served with process until October 18, 2021, more than nine months after the expiration of the two-year statute of limitation and more than 90 days after the Amended Complaint that named him as a defendant in this suit was filed.

Federal Rule of Civil Procedure 4(m) mandates the dismissal of a defendant where a defendant is not served with process within 90 days of the filing of the Complaint. FED. R. CIV. P. 4(m).  While Rule 4(m) provides that dismissal is without prejudice, in this case, dismissal of Plaintiff Spradlin's claims against Deputy Wilson will effectively be with prejudice because the two-year statute of limitations for his Section 1983 claims has already run.

## V.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, for the reasons stated above, Defendant Deputy Sawyer Wilson respectfully prays that the Court dismiss all of Plaintiffs' claims against him and award Defendant Deputy Sawyer Wilson such other and further relief to which he may be justly entitled.

Respectfully submitted,

MCGINNIS LOCHRIDGE LLP
1111 West Sixth Street, Suite 400
Austin, Texas 78703
512.495.6000 (telephone)
512.495.6093 (telecopier)
mshaunessy@mcginnislaw.com
ejohnston@mcginnislaw.com
idavis@mcginnislaw.com

By:     */s/ Michael Shaunessy*
        MICHAEL SHAUNESSY
        State Bar No. 18134550
        ERIC A. JOHNSTON
        State Bar No. 24070009
        IAN DAVIS
        State Bar No. 24120793

*Attorneys for Defendants Llano County, Texas; Llano County Sheriff's Office; Llano County Sheriff Bill Blackburn; Deputy Jackson Idol; and Deputy Sawyer Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 8th day of November, 2021, I electronically filed with the Clerk of Court the foregoing document using the CM/ECF system and that the CM/ECF system will provide service of such filing via Notice of Electronic Filing to the following parties:

Austin Kaplan
Matthew "Maff" Caponi
KAPLAN LAW FIRM, PLLC
406 Sterzing Street
Austin, Texas 78704
***Attorneys for Plaintiffs James Glenn and Johnny Spradlin***

/s/ *Michael Shaunessy*
MICHAEL SHAUNESSY
ERIC A. JOHNSTON